```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       X
In re                                                  X
                                                       X    Chapter 11
AEROVIAS NACIONALES DE                                 X
COLOMBIA S.A. AVIANCA,                                 X    Case No. 03-11678 (ALG)
F.E.I.N. 52-1439926                                    X
                                                       X
and                                                    X    Jointly Administered
                                                       X
AVIANCA, INC.,                                         X
F.E.I.N. 13-1868573                                    X
                                                       X
         Debtors.                                      X
                                                       X    Judge Allan Gropper
-------------------------------------------------------X
```

**SECOND INTERIM ORDER AUTHORIZING PAYMENT OR HONORING OF
PREPETITION OBLIGATIONS TO TICKETHOLDERS, OTHER AIRLINES WITH
WHOM THE DEBTORS HAVE INTERLINE RELATIONSHIPS, TRAVEL AGENTS,
CLEARING HOUSES, TOUR SERVICE PROVIDERS, BARTER ARRANGEMENTS,
ARRANGEMENTS, COMMERCIAL AGREEMENTS, FUEL SUPPLIERS,
IN-TO PLANE SERVICE COMPANIES, CERTAIN BANK CHARGES
<u>AND OTHER ESSENTIAL SUPPLIERS</u>**

Upon the Emergency Motion for an Order Authorizing Payment to or Honoring of Prepetition Obligations to Ticket Holders, Other Airlines with whom the Debtors have Interline Relationships, Travel Agents, Clearing Houses, Tour Service Providers, Barter Arrangements, Commercial Agreements, Fuel Suppliers, In-To Plane Service Companies, Certain Bank Charges and Other Essential Suppliers (the "Motion") of Avianca, Inc. and Aerovias Nacionales de Colombia S.A. Avianca (collectively the "Debtors" or "Avianca"), and upon consideration of the Affidavit of Gerardo Grajales in support of the Motion, the record made by the Debtors and the Memorandum of Points and Authorities in Support of Emergency Motions; and it appearing that the relief requested is necessary to preserve certain of Avianca's most important ongoing operations, and is in the best interest of Avianca's estates, creditors, equity holders and all parties

in interest; and the Court having entered its Order Authorizing Payment or Honoring of Prepetition Obligations to Ticketholders, Other Airlines With Whom the Debtors Have Interline Relationships, Travel Agents, Clearing Houses, Tour Service Providers, Barter Arrangements, Commercial Agreements, Fuel Suppliers, In-To Plan Service Companies, Certain Bank Charges, and Other Essential Suppliers dated March 21, 2003 granting the Debtors interim relief; and in light of the circumstances and the emergency nature of the relief requested, it appearing that notice was served upon the United States Trustee, those parties listed as each Debtor's twenty largest unsecured creditors, The Bank of New York, as Trustee under the Master Airline Ticket Receivables Master Trust, the District Director of the Internal Revenue Service, the Securities and Exchange Commission and any person or entity who has requested notice, and the Court finding that such notice is good and sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

That this Court has jurisdiction over these cases and the parties and property affected thereby pursuant to 28 U.S.C. § 157(b) and § 1334; and

That due to the emergency nature of the Motion, this Order has been granted upon limited notice. This Court has authority to enter this Order without general notice to creditors pursuant to 11 U.S.C. § 105(a) and § 102(1). It is further

ORDERED, ADJUDGED AND DECREED, that the Motion is approved to the following extent, and Avianca hereby is authorized to:

    A.    Honor tickets held by customers and vouchers or other authorizations for free or discounted travel issued in the prepetition period;

    B.    Provide air transportation to travelers who seek to redeem miles which

accrued prepetition in the Latin Pass frequent flier bonus program and the Avianca Plus frequent flier program;

C. Comply with ticketholder requests for refunds on tickets purchased prior to the commencement of this case, in accordance with the terms of the tickets and Avianca's normal prepetition refund procedures;

D. Make payments or provide other compensation to passengers and cargo shippers in connection with claims for lost or damaged baggage or other service deficiencies that have occurred prepetition in accordance with Avianca's normal compensation procedures;

E. Make payment of any Interline Claims (as defined in the Motion) which may be due and owing IATA, ACH or other carriers pursuant to multi-lateral or bi-lateral Interline Agreements (as defined in the Motion) to which Avianca is a party on account of prepetition interline obligations;

F. Pay the Travel Agents Claims (as defined in the Motion) on prepetition sales as such payments become due, in accordance with the terms of applicable commission agreements and Avianca's normal prepetition procedures;

G. Pay holders or honor miscellaneous charge orders ("MCO's") or the Tour Claims (as defined in the Motion) for charges due and owing under prepetition MCO's or directly to those hotels where there is a direct contractual obligation, in accordance with Avianca's normal prepetition procedures and honor Universal Air Travel Plan Credits in accordance with Avianca's normal prepetition procedures;

H. Subject to a limit of $236,233 (in addition to the limit of $150,000 imposed by this Court on March 21, 2003) in value of tickets, continue honoring tickets issued prepetition pursuant to barter arrangements;

I. Honor Commercial Agreements (as defined in the Motion) for the provision of certain code sharing services and commercial marketing services in accordance with Avianca's normal prepetition procedures;

J. Subject to a limit of $3,000,000 (in addition to the limit of $1,000,000 imposed by this Court in its Order dated March 21, 2003), (a) make payments to or honor In-to Plane Service Company Claims (as defined in the Motion), subject to the claimant's granting to Avianca such terms on continuing purchases of goods or services in the ordinary course of business as Avianca may require; (b) make payments to or allow Avianca accounts to be debited by the banks relating to the Bank Claims (as defined in the Motion); (c) make payments on Other Supplier Claims (as defined in the Motion) to other essential suppliers that Avianca may be unable to replace on short notice, subject to the claimant's granting to Avianca such terms on continuing purchases of goods or services in the ordinary course of business as Avianca may require; and (d) in its discretion, instruct banks to honor checks drawn by Avianca prepetition to pay claims described in the Motion and herein which have not cleared the banking systems in the normal course prior to the Petition Date unless otherwise directed by Avianca, provided that sufficient funds are in the applicable accounts to cover such checks; and it is further

ORDERED, that the stay imposed by section 362(a) of the Bankruptcy Code hereby is modified to the extent necessary to permit parties to the Interline Agreements, including ARC, BSP's, IATA and ACH, each as defined in the Motion to offset refunds due other airlines, or travel agents and generally handle Clearinghouse Claims (as defined in the Motion) without regard to whether debits or credits accrued pre or post-petition and in accordance with normal operating procedures and, further, to permit travel agencies to deduct commissions before

NYDOCS1-676641.1

submitting sales receipts in accordance with governing commission agreements and standard prepetition procedures; and it is further

ORDERED, that any further relief will be heard at a hearing to be held before this Court on April 7, 2003 at 2:30 p.m.; and it is further

ORDERED, that within one day of the entry of this Order, counsel for Debtors shall serve this Order by overnight courier on (i) the United States Trustee; (ii) the twenty largest creditors and all secured creditors; (iii) each person or entity that has filed a Notice of Appearance in this chapter 11 case; and (iv) the Bank of New York.

**IT IS SO ORDERED.**

Dated: New York, New York
March 26, 2003

*/s/ Allan L. Gropper*
United States Bankruptcy Judge

NYDOCS1-676641.1

5