**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> AEROVIAS NACIONALES DE COLOMBIA S.A. AVIANCA, <br><br> -and- <br><br> AVIANCA, INC., <br><br> Debtors. | Chapter 11 <br><br> Case No. 03-11678 (ALG) <br><br> Case No. 03-11679 (ALG) <br><br> Jointly Administered |

## OMNIBUS INTERIM ORDER AUTHORIZING PAYMENT OR HONORING OF PREPETITION OBLIGATIONS

These matters came before the Court for a hearing on April 11, 2003, upon four Motions filed by Aerovias Nacionales de Colombia S.A. Avianca and Avianca, Inc. (collectively the "Debtors" or "Avianca") on March 21, 2003, the date that the Debtors commenced the above-captioned chapter 11 cases in this Court (the "Petition Date"), each such Motion requesting emergency relief authorizing the Debtors to pay or honor certain prepetition obligations, to wit: (1) the Debtors' Emergency Motion For Order Authorizing Payment Or Honoring Of Certain Prepetition Claims Of Outside Mechanics and Repairmen (Docket Entry No. 11) (the "Mechanics Motion"), (2) the Debtors' Emergency Motion for an Order Authorizing Payment or Honoring of Prepetition Obligations to Foreign Vendors, Service Providers and Governments (Docket Entry No. 8) (the "Foreign Vendor Motion"), (3) the Debtors' Motion for Order Authorizing Payment of Wages, Salaries, Employee Benefit Contributions and Employee Deductions (Docket Entry No. 10) (the "Wages Motion"), and (4) the Debtors' Emergency Motion for an Order Authorizing Payment to or Honoring of Prepetition Obligations to Ticket Holders, Other Airlines with whom the Debtors have Interline Relationships, Travel Agents,

Clearing Houses, Tour Service Providers, Barter Arrangements, Commercial Agreements, Fuel Suppliers, In-To Plane Service Companies, Certain Bank Charges and Other Essential Suppliers (Docket Entry No. 7) (the "Essential Payments Motion"; the Mechanics Motion, the Foreign Vendor Motion, the Wages Motion and the Essential Payments Motion, collectively, the "Motions").

The Court, having reviewed the Motions and the Affidavit of Gerardo Grajales filed in support thereof and the Debtors' Memorandum of Points and Authorities in Support of Emergency Motions, the record presented by the Debtors and the statements of counsel for the Debtors in support thereof and the emergency relief requested therein, and having considered the circumstances and the emergency nature of the relief requested, and having considered the notice given by the Debtors to the United States Trustee, those parties listed as each Debtor's twenty largest unsecured creditors, The Bank of New York, as Trustee under the Master Airline Ticket Receivables Master Trust, the District Director of the Internal Revenue Service, the U.S. Attorney for the Southern District of New York, the Securities and Exchange Commission and any person or entity who requested notice, found that such notice was good and sufficient under the circumstances, and after due deliberation and sufficient cause appearing therefor, on March 21, 2003, entered its Orders, one on each of the four (4) Motions, granting the Debtors interim relief pursuant to the Motions to the extent specifically set forth in the Orders, setting an evidentiary hearing for March 25, 2003, at which the Debtors could present support for further interim relief, pending the formation and organization of an Official Committee of Unsecured Creditors in the above-captioned cases (the "Committee"), and directing the manner in which the Debtors' were to give notice of the evidentiary hearing.

On March 25, 2003, the Court, having considered the evidence presented at the hearing, the arguments of counsel and the entire record of the cases, and having considered the notice given pursuant to the Court's March 21, 2003 Order, and having found that notice was good and sufficient under the circumstances, and after due deliberation and sufficient cause appearing therefor, entered its Second Interim Orders, one on each of the four (4) Motions, granting the Debtors further interim relief pursuant to the Motions to the extent specifically set forth in the Orders and setting a hearing for April 7, 2003 (which was continued to April 11, 2003), at which the Debtors could present support for any further relief requested pursuant to the Motions.

It appearing that the United States Trustee formally appointed the Committee in the cases on April 1, 2003, that the Committee has selected, subject to Court approval, counsel and financial advisors, and that the Committee and its counsel and financial advisors have consulted with the Debtors and their counsel and financial advisors, and that, as demonstrated by the statements of its counsel in open court, the Committee supports, subject to the terms and conditions of this Order, the relief provided below, and the Court having found that notice of the Motions and the hearing thereon, including notice to the United States Trustee, those parties listed as the Debtors' twenty largest creditors, The Bank of New York, as Trustee under the Master Airline Ticket Receivables Master Trust, the District Director of the Internal Revenue Service, the U.S. Attorney for the Southern District of New York, the Securities and Exchange Commission and any person or entity who has requested notice, was good and sufficient under the circumstances, and no creditor or other party in interest having objected to the relief provided below by either filing a written objection thereto or appearing in open court in opposition thereto, and after due deliberation and sufficient cause appearing therefor, including the representations and assurances made by the Debtors on the record of the hearing of the actual amounts paid on

prepetition debt pursuant to prior Orders of this Court authorizing the same and the amounts needed to permit the Debtors to continue their operations in the ordinary course through April 24, 2003, are the amounts requested as said amounts are set forth on Exhibit A attached hereto, and the Motions having been heard and considered together, as the Court's omnibus Order on all Motions, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

<u>Provisions Applicable to All Motions</u>

1. That this Court has jurisdiction over these cases and the parties and property affected thereby pursuant to 28 U.S.C. § 157(b) and § 1334.

2. That due to the emergency nature of the Motions, this Order has been granted upon limited notice. This Court has authority to enter this Order without general notice to creditors pursuant to 11 U.S.C. § 105(a) and § 102(1).

3. That notwithstanding the provisions of the Orders previously entered by the Court on any of the Motions, the authority granted by this Court to the Debtors to pay or honor, on or after April 11, 2003, any prepetition obligations as requested by any of the Motions shall be limited, until further Order of this Court, to the amounts and to the extent specifically set forth herein.

<u>The Mechanics Motion</u>

4. That the Debtors be, and they hereby are, authorized in their discretion to pay up to the amount of $4,300,000 to secure the release of 5 engines, 3 engines for MD-83 aircraft and 2 engines for Fokker-50 aircraft and parts and any other property currently held subject to the rights of the repairman or vendor. Such payments will be without prejudice to Avianca's

right to pursue any bankruptcy or nonbankruptcy claims it may have against the repairman or vendor regarding the refusal to deliver or service Avianca's aircraft and parts.

The Foreign Vendors Motion

5. That the Debtors be, and they hereby are, authorized to honor and pay obligations of the Debtors to foreign vendors, service providers or governments limited to those obligations for fuel and other airport and landing related expenses which arose prepetition up to the sum of $1,200,000, subject to the agreement of any such foreign vendors or service providers to grant the Debtors such terms on continuing purchases of goods or services in the ordinary course of business as the Debtors may require. For purposes of this Order, "foreign" creditors are those entities located outside the United States and Colombia, with the limited exception of certain critical governmental, airport, and taxing authorities located in Colombia. Moreover, no payments made pursuant to the authority granted in this paragraph 5 shall be made to foreign creditors with minimum contacts sufficient to subject them to the jurisdiction of the United States Courts.

The Wages Motion

6. That the Debtors are hereby authorized and empowered to make contributions or payments to or for its Employee Benefit Contributions (as that term is defined in the Wages Motion) and all costs incident to the Employee Benefit Contributions in accordance with the Debtors' stated policies with regard thereto which have been earned, incurred and/or accrued prior to the commencement of the Debtors' bankruptcy cases by virtue of the services rendered by the Employees of the Debtors, in an aggregate amount not to exceed $600,000.

NYDOCS1-680376.1    CORP/954842.6

The Essential Payments Motion

7. That the Debtors are hereby authorized and empowered to provide air transportation to travelers who seek to redeem miles which accrued prepetition in the Latin Pass frequent flier bonus program, the AviancaPlus frequent flier program, and the "Privilegios" ("Privileges") frequent flier program.

8. That the Debtors are hereby authorized and empowered to continue honoring prepetition barter arrangements, provided that the aggregate value of travel furnished pursuant to barter arrangements on or after April 11, 2003, pursuant to the authority granted under this paragraph 13 shall not exceed $375,000.

9. That the Debtors are hereby authorized and empowered to make payments to or honor In-to Plane Service Company Claims (as defined in the Essential Payments Motion); make payments to or allow Avianca accounts to be debited by the banks relating to the Bank Claims (as defined in the Essential Payments Motion); make payments for services provided by Outsourcing Employees (as defined in the Essential Payments Motion); and make payments on Other Supplier Claims (as defined in the Essential Payments Motion) to other essential suppliers that Avianca may be unable to replace on short notice; and in its discretion, instruct banks to honor checks drawn by the Debtors prepetition to pay claims described in the Essential Payments Motion and herein which have not cleared the banking systems in the normal course prior to the Petition Date unless otherwise directed by Debtors, provided that the aggregate payments made on or after April 11, 2003, pursuant to the authority granted under this paragraph 9 shall not exceed $945,000.

10. That the Debtors are hereby authorized and empowered to make payment of any Interline Claims (as defined in the Essential Payments Motion) which may be due and owing

IATA, ACH or other carriers pursuant to multi-lateral or bi-lateral Interline Agreements (as defined in the Essential Payments Motion) to which Avianca is a party on account of prepetition interline obligations provided that the aggregate payments made on or after April 11, 2003, pursuant to the authority granted under this paragraph 10 shall not exceed $630,000.

11. The Debtors are hereby authorized and empowered (i) to pay the Travel Agents Claims (as defined in the Essential Payments Motion) on prepetition sales as such payments become due, in accordance with the terms of applicable commission agreements and Avianca's normal prepetition procedures, (ii) to pay holders or honor miscellaneous charge orders ("MCO's") or the Tour Claims (as defined in the Essential Payments Motion) for charges due and owing under prepetition MCO's or directly to those hotels where there is a direct contractual obligation, in accordance with Avianca's normal prepetition procedures, (iii) to comply with ticketholder requests for refunds on tickets purchased prior to the Petition Date, in accordance with the terms of the tickets and Avianca's normal prepetition refund procedures, (iv) to make payments or provide other compensation to passengers and cargo shippers in connection with claims for lost or damaged baggage or other service deficiencies that have occurred before the Petition Date in accordance with Avianca's normal compensation procedures, (v) to honor Commercial Agreements (as defined in the Essential Payments Motion) for the provision of certain code sharing services and commercial marketing services in accordance with Avianca's normal prepetition procedures, (vi) to honor Universal Air Travel Plan Credits in accordance with Avianca's normal prepetition procedures, and (vii) to honor tickets held by customers and vouchers or other authorizations for free or discounted travel issued before the Petition Date; provided that the aggregate payments made on or after April 11, 2003, pursuant to the authority granted under this paragraph 11 shall not exceed $100,000.

12. That the stay imposed by section 362(a) of the Bankruptcy Code hereby is modified to the extent necessary to permit parties to the Interline Agreements, including ARC, BSP's, IATA and ACH, each as defined in the Essential Payments Motion to offset refunds due other airlines, or travel agents and generally handle Clearinghouse Claims (as defined in the Essential Payments Motion) without regard to whether debits or credits accrued pre or post-petition and in accordance with normal operating procedures and, further, to permit travel agencies to deduct commissions before submitting sales receipts in accordance with governing commission agreements and standard prepetition procedures.

General Provisions

13. That all applicable banks and other financial institutions are hereby authorized and required to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by Debtors under this Order whether presented prior to or after the Petition Date.

14. That notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any contract or agreement under 11 U.S.C. § 365.

15. That the Debtors are directed, notwithstanding the authority to make payments set forth herein, to make every reasonable effort to minimize cash expenditures and make only those payments authorized hereunder which they determine, exercising reasonable business judgment, are necessary to continue the operation of their business in the ordinary course without undue harm.

16. That the Debtors shall (a) on a daily basis, furnish to the Committee's financial advisors the Debtors' daily cash flow report, (b) promptly upon the completion thereof,

permit the Committee's financial advisors to have access to the Debtors' budgets for subsequent periods, including all periods during the 60-day period commencing on the Petition Date and subsequent periods, and including all budgets furnished to the lenders under the Debtors' debtor in possession loan facility, and (c) in connection with each such budget, permit the Committee's financial advisors to have access to such back-up and detail as shall have been produced by the Debtors or as reasonably requested by the Committee, such as a comparison of actual results to projections.

<u>Further Hearing</u>

17. That any further relief will be considered at a hearing to be held before this Court on April 24, 2003, at 10:00 a.m.

18. That within three days hereof, counsel for the Debtors shall serve this Order by mail on (i) the United States Trustee, (ii) the Committee, (iii) all secured creditors of each Debtor, (iv) each person or entity that has filed a Notice of Appearance in these chapter 11 cases, and (iv) The Bank of New York.

Dated: New York, New York
      April 24, 2003

                                                                                           <u>*/s/ Allan L. Gropper*</u>
                                                                                  United States Bankruptcy Judge

[Signatures follow on next page]

No Objection:

SMITH, GAMBRELL & RUSSELL, LLP
Attorneys for Debtors


      /s/ Ronald E. Barab
By:  Ronald E. Barab (RB4876)

Suite 3100, Promenade II
1230 Peachtree Street, N. E.
Atlanta, Georgia 30309
(404) 815-3500
(404) 815-3509 – Fax



GREENBERG TRAURIG, LLP
Attorneys for the Official Committee
of Unsecured Creditors

      /s/ Richard Miller
By:  Richard Miller (RM2428)

200 Park Avenue
New York, New York 10166
(212) 801-6400


NYDOCS1-680308.1